RECORD NUMBER: 11-1781 (L)

# United States Court of Appeals
## for the
# Fourth Circuit

**FIRST TENNESSEE BANK NATIONAL ASSOCIATION, and GLOBAL TITLE, LLC,**

*Appellants,*

– v. –

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

# REPLY BRIEF OF APPELLANTS

**PAUL P. VANGELLOW**
PAUL P. VANGELLOW, PC
6109A Arlington Boulevard
Falls Church, VA 22044
(703) 241-0506
*Counsel for Third-Party Plaintiff-Appellant Global Title Services, LLC*

**CLARENCE A. WILBON**
ANNIE T. CHRISTOFF
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 900
Memphis, TN 38103
(901) 543-5900
*Counsel for Intervenor/Plaintiff-Appellant First Tennessee Bank National Association*

**MICHAEL P. FALZONE**
HIRSCHLER FLEISCHER
P.O. Box 500
Richmond, VA 23218
(804) 771-9560
*Counsel for Intervenor/Plaintiff-Appellant First Tennessee Bank National Association*

CP COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................ ii

Argument.................................................................................................. 1

    I.    The "Handling of Funds" Exclusion Does Not Apply ............... 1

    II.   The Exclusion Should Not Be Interpreted as Rendering Coverage as an Escrow Agent Meaningless .............................. 6

Conclusion ............................................................................................... 7

Certificate of Compliance

Certificate of Service

# **TABLE OF AUTHORITIES**

**Cases**

*Brokers Title Co. v. St. Paul Fire & Marine Ins. Co.*,
   610 F.2d 1174 (3d Cir. 1979) ................................................................ 5

*CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*,
   566 F.3d 150 (4th Cir. 2009) ................................................................ 3

*Chicago Title Ins. Co. v. Northland Ins. Co.*,
   31 So. 3d 214 (Fla. Dist. Ct. App. 2010) ............................................... 5

*Malmberg Development Corp. v. St. Paul Fire & Marine Ins. Co.*,
   No. 62-CV-09-9912 (Minn. Dist. Ct. June 22, 2010) ............................ 5

*Murray v. Greenwich Ins. Co.*,
   533 F.3d 644 (8th Cir. 2008) ................................................................ 4

*Premier Pet Prods., LLC v. Travelers Prop. Cas. Co. of Am.*,
   678 F. Supp. 2d 409 (E.D. Va. 2010) ................................................... 4

*Solers, Inc. v. Hartford Cas. Ins. Co.*,
   146 F. Supp. 2d 785 (E.D. Va. 2001) ................................................... 4

*St. Paul Fire & Marine Ins. Co. v. Prairie Title Services, Inc.*,
   No. 04 C 4178, 2005 WL 2850121 (N.D. Ill. Oct. 26, 2005) ............... 5

*Transcon. Ins. Co. v. Caliber One Indem. Co.*,
   367 F. Supp. 2d 994 (E.D. Va. 2005) ................................................... 6

*Va. Farm Bureau Mut. Ins. Co. v. Williams*,
   677 S.E.2d 299 (Va. 2009) .................................................................... 5

**Rules, Statutes and Other Authorities**

*The American Heritage Dictionary of the English Language* (4th ed. 2009) 4

# ARGUMENT

**I.     The "Handling of Funds" Exclusion Does Not Apply.**

Because First Tennessee alleged that Global negligently performed an authorized act by sending funds to FMI instead of First Tennessee, St. Paul has a duty to defend Global against First Tennessee's claims. Though St. Paul contends that this argument contradicts the Intervening Complaint, it is actually St. Paul that misconstrues First Tennessee's allegations. The allegations of the Intervening Complaint regarding Global's allegedly tortious conduct are understandably simply and broad: the Intervening Complaint alleges that Global transferred the funds to FMI "[i]nstead of" to First Tennessee. JA 34. Those allegations are in no way inconsistent with an allegation that "Global attempted to return the funds to First Tennessee but that in doing so, Global negligently transferred them to FMI," Brief of Appellee, at 17-18; indeed, such negligent conduct falls squarely within the allegation that Global transferred the funds to FMI instead of First Tennessee. And because such negligent conduct is not an "unauthorized act" but is instead an authorized act that is negligently performed, the "Handling of funds" exclusion does not apply. St. Paul's unjustifiably narrow reading of First Tennessee's allegations does not comport with the actual language of the Intervening Complaint and should be disregarded.

Furthermore, contrary to St. Paul's specious argument, First Tennessee and Global do not contend that Global had "*carte blanche* authority to transfer unused funds to any other party." Brief of Appellee, at 18. Instead, First Tennessee has alleged that Global negligently transferred its funds to FMI, an entity that Global was specifically authorized to transfer funds to under certain circumstances. *See* Supplemental Closing Instructions, JA 39, 42, 45. It is entirely possible that Global misread the Supplemental Closing Instructions or otherwise negligently decided to send the funds to FMI instead of First Tennessee. Under this plausible scenario, which is fully consistent with First Tennessee's allegations in the Intervening Complaint, the exclusion would not apply to Global's allegedly negligent performance of an authorized act.

Though St. Paul would apparently prefer that the Intervening Complaint be more detailed, it is beyond dispute that the Intervening Complaint adequately alleges that Global was negligent in transferring funds to FMI instead of First Tennessee. First Tennessee is not required to plead every possible scenario explaining why Global acted the way it allegedly did, and it would be unreasonable to expect any plaintiff to do so. As St. Paul readily admits, so long as "there is any possibility *under the facts alleged in the complaint* that a judgment against the insured will be covered under the terms on the policy, the duty to defend is triggered." Brief of Appellee, at 20 (*citing CACI Int'l, Inc. v. St. Paul Fire &*

2

*Marine Ins. Co.*, 566 F.3d 150, 156 (4th Cir. 2009)).  Under the facts alleged in the Intervening Complaint, there is undoubtedly a possibility that Global will be found to have committed an authorized act negligently, and therefore St. Paul has a duty to defend.

St. Paul's argument that Global's actions were inconsistent with the Supplemental Closing Instructions is inapposite and unhelpful.  *See* Brief of Appellee, at 22.  Of course First Tennessee alleges that the funds transfer did not comply with the Supplemental Closing Instructions—if it had, Global would have sent the funds to First Tennessee, and no damages would have been incurred.  The fact that Global may have negligently followed those instructions in performing the authorized act of returning the funds does not render Global's actions unauthorized.

Moreover, St. Paul's attempt to rely on provisions of the "Handling of funds" exclusion not even addressed by the district court is unavailing.  As to the exclusion for an "unauthorized use of funds," the analysis is the same as that above—Global was authorized to "use" the funds as a refund when the loans did not close, but it then negligently determined the wrong entity to receive the refund. As to the exclusion for a "failure . . . to properly account for funds," St. Paul argues that "First Tennessee requested return of the funds, and Global was unable to account to First Tennessee for them," Brief of Appellee, at 23, employing a

3

bizarre and strained interpretation of the term "account." "Account," which is not defined in the Policy, means "[t]o provide an explanation or justification for." *The American Heritage Dictionary of the English Language* (4th ed. 2009); *see also Premier Pet Prods., LLC v. Travelers Prop. Cas. Co. of Am.*, 678 F. Supp. 2d 409, 419 (E.D. Va. 2010) (*quoting Solers, Inc. v. Hartford Cas. Ins. Co.*, 146 F. Supp. 2d 785, 789 (E.D. Va. 2001)) (providing that undefined policy terms "'should be given their natural and ordinary meaning as understood in the business world'"). The Intervening Complaint contains no allegations that Global did not know where the funds were, misidentified the location of the funds, or provided First Tennessee with incorrect information as to where the funds were sent. St. Paul's attempt to somehow equate the term "account" with "pay" is not justified by the term's ordinary usage or by the language of the documents, and the failure-to-account exclusion is also inapplicable.

Finally, St. Paul's citation of irrelevant, non-binding case law is wholly ineffective. A review of these cases reveals that either the policy exclusion at issue or the facts of the case, or both, are so different from the exclusion and the case at bar that the cases are entirely inapposite to this dispute (as the district court undoubtedly concluded when it declined to rely on those cases). *See, e.g.*, *Murray v. Greenwich Ins. Co.*, 533 F.3d 644 (8th Cir. 2008) (involving an exclusion of coverage for the "inability" to pay funds); *St. Paul Fire & Marine Ins. Co. v.*

4

*Prairie Title Services, Inc.*, No. 04 C 4178, 2005 WL 2850121 (N.D. Ill. Oct. 26, 2005) (finding the insured's use of funds to be "clearly unauthorized" because "Prairie took the funds of [its clients], told them that Prairie was going to use the funds in one way, but then used the funds to pay for something else that the [clients] were not required to pay"); *Malmberg Development Corp. v. St. Paul Fire & Marine Ins. Co.*, No. 62-CV-09-9912 (Minn. Dist. Ct. June 22, 2010) (providing such a cursory review of the facts and underlying allegations of that case that a fair comparison to the instant case is impossible); *Brokers Title Co. v. St. Paul Fire & Marine Ins. Co.*, 610 F.2d 1174 (3d Cir. 1979) (involving a policy that excluded "claims based upon or arising out of handling or disbursement of funds"); *Chicago Title Ins. Co. v. Northland Ins. Co.*, 31 So. 3d 214 (Fla. Dist. Ct. App. 2010) (involving a policy that excluded "damages arising out of the commingling, conversion, misappropriation or defalcation of funds or other property"). These cases simply do not assist in determining the proper outcome in this case.

As demonstrated by the foregoing, St. Paul has failed to show that the "Handling of funds" exclusion would necessarily apply to Global's conduct as alleged by First Tennessee. Construing the exclusion strongly in favor of Global, as is required, *see Va. Farm Bureau Mut. Ins. Co. v. Williams*, 677 S.E.2d 299, 302 (Va. 2009), the exclusion is inapplicable, and the district court erred in finding that St. Paul has no duty to defend Global.

## II. The Exclusion Should Not Be Interpreted as Rendering Coverage as an Escrow Agent Meaningless.

St. Paul is wholly unable to explain how, under the district court's interpretation of the Policy, an escrow agent handling funds could ever be covered for negligent performance of those duties. Though St. Paul would like to focus on alternate definitions for different policy terms, it is undisputed that the Policy covers Global for losses arising from negligence in performing services as an escrow agent for money. JA 49, 160. If St. Paul's interpretation of the "Handling of funds" exclusion is to be accepted, St. Paul would be granting coverage of such losses with one hand and then wholly eliminating that coverage with the other, an impermissible result. *See Transcon. Ins. Co. v. Caliber One Indem. Co.*, 367 F. Supp. 2d 994, 1006-07 (E.D. Va. 2005) (refusing to apply an exclusion in way that would "void coverage for an activity explicitly designated as covered").

In addition, St. Paul still fails to conjure a scenario under which its interpretation of the exclusion would avoid excluding "coverage for precisely the type of claims to which [Global] is most likely to be subjected." *Id.* at 1006. St. Paul first admits that coverage for negligence is only possible "for an escrow agent's services in handling three of the four identified types of escrow."[1] Brief of

---

[1] Though St. Paul argues that the exclusion would not necessarily apply to negligence occurring "*before* receiving funds or *after* disbursing them," Brief of Appellee, at 26, such conduct would not implicate the "Handling of funds" exclusion at all, and this argument is therefore irrelevant.

6

Appellee, at 26. Thus, under St. Paul's construction of the Policy, the word "money" may as well not even be included in the definition of "escrow." Furthermore, like the district court, St. Paul insists that Global would be covered for some acts of libel or slander, though admitting that even that coverage is limited under the "Handling of funds" exclusion. *See* Brief of Appellee, at 26-27. To contend that Global would "most likely . . . be subjected" to claims of libel or slander while holding or transferring funds, rather than claims of negligence in holding or transferring funds, is preposterous. That construction is untenable and contrary to the parties' intent. The district court's finding that the Policy does not cover Global's alleged conduct should be reversed.

## **CONCLUSION**

For the foregoing reasons, the district court's judgment should be reversed and this case remanded for further proceedings.

Oral argument is requested.

                Respectfully submitted,

                /s/ Clarence A. Wilbon
                Clarence A. Wilbon (TN # 023378)
                Annie T. Christoff (TN # 026241)
                BASS BERRY & SIMS PLC
                The Tower at Peabody Place
                100 Peabody Place, Suite 900
                Memphis, Tennessee 38103-3672
                Telephone: (901) 543-5900

                and

Michael P. Falzone (VA # 22324)
Sheila deLa Cruz (VA # 65395)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, VA  23218-0500
Telephone:  (804) 771-9500

*Attorneys for Intervenor/Plaintiff - Appellant, First Tennessee Bank National Association*

PAUL P. VANGELLOW
PAUL P. VANGELLOW, PC
6109A Arlington Boulevard
Falls Church, VA 22044
(703) 241-0506

*Counsel for Third-Party Plaintiff-Appellant Global Title Services, LLC*

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1781L     Caption: First Tennessee Bank et al v. St. Paul Fire and Marine

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

   [✓] this brief contains __1,699__ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

   [✓] this brief has been prepared in a proportionally spaced typeface using __Microsoft Word 2010__ [*state name and version of word processing program*] in __14-Point Times New Roman__ [*state font size and name of the type style*]; or

   [ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) Clarence A. Wilbon

Attorney for First Tennessee Bank

Dated: 1/6/2012

Rev. 03/03/11

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

CHRISTOPHER J. BANNON
ARONBERG GOLDGEHN DAVIS & GARMISA
330 North Wabash Avenue, Suite 1700
Chicago, IL 60611
(312) 755-3175

BRUIN S. RICHARDSON
LECLAIR RYAN
951 East Byrd Street, 8th Floor
Richmond, VA 23219
(804) 783-1137


*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664


Filing and service were performed by direction of counsel